Henry Peter NOVAK, Appellant,

v.

The STATE of Texas, Appellee.

No. 37278.

Court of Criminal Appeals of Texas.

Nov. 25, 1964.

---

Wm. H. Hamblen, Edna, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for driving while intoxicated; the punishment, 3 days in jail and a fine of $50.

It is undisputed that the appellant was driving an automobile upon a public highway at the time alleged.

The evidence in a narrative statement of facts reveals that Officer McClendon observed the appellant immediately after he stopped his car, and testified on the trial that in his opinion the appellant was intoxicated.

The evidence further reflects that appellant voluntarily gave a blood specimen. The witness Smith, who made an analysis of the blood specimen, testified that the alcoholic content of the specimen was sufficient, in his opinion, to show that the appellant was intoxicated.

It is not shown by the narrative statement of facts whether the appellant testified or offered any evidence.

It is contended that the trial court erred in permitting the witness Smith to testify that he analyzed the blood specimen, on the ground that Smith's name did not appear on the report of the analysis of the blood specimen; that the name of J. D. Chastain did appear thereon, and that he had no opportunity to cross-examine him.

The evidence shows that Smith was qualified to make an analysis of a blood specimen to determine its alcoholic content, and that he did make an analysis of the blood specimen voluntarily given by the appellant. The record reveals no reason that would make the report of the analysis inadmissible in evidence because Smith's name was not shown thereon. Further, the fact, alone, that J. D. Chastain did not appear as a witness presents no error.

By formal bill of exception the appellant urges that this cause should be reversed on the ground that he was unable to ascertain the name of the nurse who removed the blood specimen and "who might have testified that in her opinion he was not intoxicated."

In the absence of a motion for postponement, continuance, or a showing on motion for new trial, of what the testimony of the nurse would have been, no error is presented.

The evidence is sufficient to support the conviction and no error appearing, the judgment is affirmed.

Opinion approved by the Court.